UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARY LABARBERA and FRANK FINKEL,
as Trustees of Local 282 International
Brotherhood of Teamsters Welfare, Pension,
Annuity, Job Training and Vacation Sick Leave
Trust Funds,

                                Plaintiffs,

                -against-

SUKRAM AND SONS TRUCKING, LTD. and
ANTHONY SUKRAM

                              Defendants.
------------------------------------------------------------X
GOLD, S., *United States Magistrate Judge*:

REPORT &
RECOMMENDATION
CV-08-2574 (DLI)(SMG)

## Introduction

      Plaintiffs, trustees of Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds (collectively, the "Funds"), bring this action pursuant to the Employer Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act, 29 U.S.C. § 185. Plaintiffs seek to recover amounts allegedly owed by defendants Sukram and Sons Trucking, Ltd. ("Sukram & Sons" or "corporation") and Anthony Sukram ("Sukram") for delinquent contributions. Plaintiffs also seek a permanent injunction directing Sukram & Sons to submit required contribution reports, pay fringe benefit contributions and submit to an audit in compliance with the terms of a Collective Bargaining Agreement ("CBA") and Restated Agreement and Declaration of Trust ("Trust Agreement").

      Upon plaintiffs' application and in light of defendants' failure to appear in or otherwise defend this action, the Clerk of the Court noted the default of the defendants on October 7, 2008.

The Honorable Dora L. Irizarry then referred the matter to me to conduct an inquest and to report and recommend on the amount of damages, if any, to be awarded.

Plaintiffs have submitted an affirmation ("Schreiber Aff.") and a supplemental affirmation of their counsel ("Schreiber Supp. Aff.") as well as exhibits in support of their application for damages. Docket Entries 5, 8. I determine what damages to recommend based on these submissions.

## Discussion

*1.    Liability*

Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080, 113 S. Ct. 1049 (1993); *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). A court, however, retains the discretion to determine whether a final default judgment is appropriate. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Even after a defendant has defaulted, "[a] plaintiff must . . . establish that on the law it is entitled to the relief it seeks, given the facts as established by the default." *U.S. v. Ponte*, 246 F. Supp. 2d 74, 76 (D. Me. 2003) (citation omitted). *See also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (recognizing the court's authority, even after default, to determine whether plaintiff has stated a cause of action).

    a.    Liability of Sukram & Sons

Plaintiffs have established the elements of liability with respect to Sukram & Sons required to state a claim pursuant to 29 U.S.C § 1145. Section 1145 provides:

> [e]very employer who is obligated to make contributions to a
> multiemployer plan under the terms of the plan or under the terms
> of a collectively bargained agreement shall, to the extent not
> inconsistent with law, make such contributions in accordance with
> the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

Sukram & Sons, by its president, signed letter of assent ("LOA") dated January 23, 2008, obliging it to comply with the CBA effective July 1, 2006 through June 30, 2009. Schreiber Aff. Ex. B. The LOA includes a notation indicating that its effective date is September 1, 2007. *Id*. Pursuant to the CBA, Sukram & Sons was required to make contributions on behalf of its employees to the ERISA Funds administered by plaintiffs. Compl. ¶ 9. In their complaint, plaintiffs allege that Sukram & Sons failed to make contributions to the Funds for several months in 2007 and 2008. *Id*. ¶¶ 10-11. The corporation's failure to make contributions as required by the LOA and CBA constitutes a violation of ERISA, and its liability has thus been established.

Plaintiffs also seek additional amounts that became due and owing while this case was pending. Federal Rule of Civil Procedure 54(c) generally limits recovery on a default judgment to the relief sought in the complaint; the rule provides that "a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Rule 54(c) is not violated, however, when a court awards damages that accrued while a lawsuit was pending if the complaint put the defendant on notice that plaintiff might seek such relief. *See King v. STL Consulting, LLC*, 2006 WL 3335115, at *4-5 (E.D.N.Y. Oct. 3, 2006); *Ames v. Stat Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y. 2005).

> The rationale . . . is that default is tantamount to consent to the entry of
> judgment, but this consent is effective only to the extent that it was duly
> informed. If greater relief had been demanded, the defendant might have
> entered the action and defended on the merits, both as to liability and the
> requested relief. It would therefore be unjust to award relief greater than

that demanded in the judgment by default.

MOORE'S FEDERAL PRACTICE § 54.71[1] (2009). Here, plaintiffs specifically included a request for unpaid contributions and delinquency charges associated with those contributions that accrued during the litigation. Compl. ¶ 22. Sukram & Sons was thus on notice that it could be held liable for these amounts, and I therefore respectfully recommend that the corporation be held liable for damages that accrued during this litigation.

Plaintiffs also seek interest and liquidated damages on contributions that were paid, albeit untimely, before the lawsuit was filed. ERISA does not provide a statutory basis for damages on delinquent contributions that were paid prior to filing suit. *See Iron Workers Dist. Council of W. N.Y. & Vicinity Welfare & Pension Funds v. Hudson Steel Fabricators & Erectors, Inc.*, 68 F.3d 1502, 1507 (2d Cir. 1995); *Huff v. Cruz Contracting Corp.*, 2009 WL 305933, at *3-4 (S.D.N.Y. Jan. 29, 2009) (collecting cases for the proposition that ERISA's damages provisions are applicable only to contributions unpaid at the time suit is filed). The CBA, however, provides a contractual basis for the assessment of interest, liquidated damages, and attorney's fees in the event of untimely contribution payments. *See Finkel v. INS Elec. Servs. Inc.*, 2008 WL 941482, at *5 (E.D.N.Y. Apr. 4, 2008) (internal citations omitted).

Plaintiffs claim that Sukram & Sons paid a portion of the contributions owed on April 22, 2008. Schreiber Aff. ¶¶ 16-18. Plaintiffs, however, did not request interest or liquidated damages on these late paid contributions until they filed their motion for default judgment; the complaint only demands interest and liquidated damages on *unpaid* principal amounts. Compl. ¶ 11, Wherefore cl. By requesting these damages in their motion for default judgment, plaintiffs now seek a judgment "different in kind" than that demanded in their complaint in violation of Rule 54(c). *See Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007) (declining to award pre-

judgment interest where plaintiff failed to include a "distinct claim" for such damages in the demand clause, and noting that "[b]y operation of Rule 54(c), his failure to do so, intentional or not, ran the risk that his damages would be limited in the event of default."). Accordingly, I recommend that plaintiffs not be awarded interest or liquidated damages on contributions that were paid late but before the complaint was filed.

      b.      <u>Liability of Anthony Sukram</u>

Plaintiffs seek to impose personal liability on Anthony Sukram for unpaid contributions based upon a series of dishonored checks he signed on behalf of Sukram & Sons. Compl ¶ 29-31 and Ex. A. Plaintiffs allege that Sukram should be held personally liable because he signed the checks in his personal capacity and the faces of the checks do not disclose that he was signing in a representative capacity. *Id*. ¶ 30.

New York State Uniform Commercial Code § 3-403(2)(b) provides that "[a]n authorized representative who signs his name to an instrument . . . except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity." Thus, "where . . . the face of a check indicates that funds are drawn from a corporate account, the individual who signs the check may be personally liable under section 3-403 unless he specifically indicates that he is signing in a representative capacity." *Finkel v. Romanowicz*, ___ F.3d ___, 2009 WL 2432723, at *6 (2d Cir. Aug. 11, 2009) (citing N.Y. U.C.C. § 3-403(2)(b)). The exception to liability in Section 3-403(2)(b) is an affirmative defense under New York law. *Id*. at *7. Accordingly, "*the signer has the burden* to 'establish' an agreement, understanding or course of dealing to the contrary" in order to escape liability. *Id*. (quoting *Rotuba Extruders, Inc. v. Ceppos*, 46 N.Y.2d 223, 228 (1978)).

Here, plaintiffs have established that Anthony Sukram personally signed the dishonored checks and that they were written against Sukram & Sons' corporate account. Compl. ¶ 30; Schreiber Aff. Exs. N, P & Q. Sukram has not made an affirmative demonstration that he signed the checks in a representative capacity. *See Romanowicz,* 2009 WL 2432723, at *7. Accordingly, plaintiffs have established Anthony Sukram's liability, and I therefore recommend that he be held joint and severally liable for any unpaid contributions due to the Funds as a result of the checks having been dishonored.

Plaintiffs also seek to impose personal liability on Sukram for interest, liquidated damages, administrative fees and attorney's fees associated with the dishonored checks. In their complaint, plaintiffs demanded interest on the dishonored checks and attorney's fees and I therefore find that Sukram's liability for these damages has been established. Compl. at Wherefore cl. Plaintiffs, however, did not demand liquidated damages or administrative fees until they filed their motion for default judgment. Schreiber Aff. ¶¶ 34-39. As a result, plaintiffs' attempt to impose personal liability on Sukram for liquidated damages and administrative fees seeks relief that is "different in kind" from that demanded in their complaint in violation of Rule 54(c). *See Silge v. Merz*, 510 F.3d at 160. Accordingly, I recommend that Anthony Sukram not be held liable for liquidated damages on the dishonored checks, and that plaintiffs not be awarded administrative fees associated with processing the dishonored checks.[1]

2. *Damages*

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See Greyhound*

---

[1] To the extent plaintiffs seek to impose liability on Sukram & Sons for the administrative fees, I recommend that this request be denied for the reasons stated above.

*Exhibitgroup*, 973 F.2d at 158. Rather, claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *Id*. A court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40. Defendants have not submitted any opposition to plaintiffs' motion. Accordingly, a hearing on the issue of damages is not warranted.

The damages recoverable for a violation of Section 1145 are enumerated in Section 1132(g)(2), which provides that

> the court shall award the plan–
> 
>   (A) the unpaid contributions,
>   (B) interest on the unpaid contributions,
>   (C) an amount equal to the greater of–
>        (i) interest on the unpaid contributions, or
>        (ii) liquidated damages provided for under the plan in an
>             amount not in excess of 20 percent . . . of the amount
>             determined by the court under subparagraph (A),
>   (D) reasonable attorney's fees and costs of the action, to be paid
>        by the defendant, and
>   (E) such other legal or equitable relief as the court deems
>        appropriate

29 U.S.C. § 1132(g)(2).

    a.    <u>Unpaid contributions</u>

Plaintiffs seek unpaid contributions to the Funds alleged to be owed for the period from September 2007 through May 2008, Compl. ¶¶ 10-11, and for the period from August 2008 through September 2008, Schreiber Supp. Aff ¶¶ 4-5. In their motion for default judgment,

plaintiffs submitted remittance reports for the months of September 2007 through November 2007, and March 2008 through July 2008, demonstrating the amounts due and owing. Schreiber Aff. Exs. E, F, G, I, J, K & L. Sukram & Sons allegedly failed to furnish plaintiffs with the weekly reports for December 2007 through February 2008, Schreiber Aff. ¶ 19, and for August 2008 through September 2008, Schreiber Supp. Aff ¶ 4. Plaintiffs thus request contributions for these months based on a formula provided in the Trust Agreement for estimating contributions owed when an employer fails to file a report. Schreiber Aff. ¶¶ 20-24; Schreiber Supp. Aff. ¶¶ 7-12, 14-17. Pursuant to Article IX, Section 1(e) of the Trust Agreement, the sum due for any month may be computed by adding 10% to the number of hours for the month in which the largest number of hours were reported in the previous twelve positive reports submitted by the employer. Schreiber Aff. Ex. C. *See also LaBarbera v. J.D. Collyer Equip. Corp.*, 337 F.3d 132, 134 (2d Cir. 2003) (approving the use of the Trust Agreement's formula).

I respectfully recommend that plaintiffs be awarded $17,889.57 in unpaid contributions for the period from September 2007 through May 2008. Plaintiffs have explained how this amount was calculated and the calculations appear to be correct. Schreiber Aff. ¶¶ 16-18, 21-24, Exs. E, F, G, I, J, K. In addition, I recommend that Sukram & Sons be held liable for the entire amount, and that Anthony Sukram be held jointly and severally liable for $5,964 of the total unpaid principal, the amount of the dishonored checks. *Id*. ¶ 32, Exs. N, P & Q. I also recommend that plaintiffs be awarded $7,222.80 in unpaid principal for the period from August 2008 through September 2008. Schreiber Supp. Aff. ¶¶ 10-12, 15-17. Although plaintiffs seek a total of $7455.48, their calculations are based on contribution rates for each fund that are higher than those on the October 2007 remittance form. *Compare* Schreiber Aff. Ex. F *with* Schreiber Supp. Aff. ¶ 12. Plaintiffs have not, however, submitted anything to support the application of

higher contribution rates. Based on the contribution rates indicated on the October 2007 remittance form, I calculate a total amount due of $7,222.80, and this is the amount I recommend be awarded for August and September of 2008.

      b.      <u>Delinquency charges and attorney's fees</u>

Plaintiffs seek an award of interest on the unpaid and late paid contributions. As discussed above, I recommend that any award be limited to interest on those contributions that were unpaid at the time this suit was commenced and those that became due and were not paid during the litigation has been pending. For ERISA violations, Section 1132 states that interest is calculated "using the rate provided for under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g)(2). Pursuant to an amendment to the Trust Agreement, the applicable interest rate is 1.5% per month. Schreiber Aff. Ex. D. In their complaint, plaintiffs seek interest beginning from June 30, 2008, a few days after the complaint was filed, for unpaid contributions from September 2007 through May 2008.[2] Compl. at Wherefore cl. ¶ a.

I recommend that plaintiffs be awarded interest on $17,889.57 in unpaid principal at the rate of 1.5% per month, beginning from June 30, 2008, through the date of judgment, to be calculated by the Clerk of the Court. I also recommend that Sukram & Sons be held liable for the entire amount of interest calculated, and that Anthony Sukram be held jointly and severally liable for the interest on $5,964 of the unpaid principal, which is the amount of the dishonored checks

---

[2] In their motion for default judgment, plaintiffs seek interest from dates earlier than the date requested in their complaint. *See, e.g.,* Schreiber Aff. ¶¶ 16-17. Although plaintiffs may be entitled to interest beginning from these earlier dates under the Trust Agreement, see Schreiber Aff. Ex. D, I recommend that this request be denied as it would amount to a higher award of interest than that requested in the complaint. *See* FED. R. CIV. P. 54(c).

he signed. Finally, I recommend that plaintiffs be awarded interest on the unpaid principal amounts that became due after the complaint was filed. Plaintiffs should thus be awarded interest on $3,237.81 at the rate of 1.5% per month, beginning from September 10, 2008, the date the remittance reports for August 2008 were due, and interest on $3,984.99 at the rate of 1.5% per month, beginning from October 10, 2008, the date the remittance reports for September 2008 were due. Schreiber Supp. Aff. ¶¶ 13, 18. Interest should be calculated on these amounts through the date of judgment.

Plaintiffs also seek 20% of the unpaid and late paid contributions as liquidated damages. Schreiber Aff. ¶¶ 16-18, 25; Schreiber Supp. Aff. ¶¶ 13, 18. As discussed above, I recommend limiting any award to those contributions that were unpaid at the time this suit was commenced and for those that accrued during the pending litigation. Accordingly, I recommend that plaintiffs be awarded 20% of $25,112.37 ($17,889.57 + 3,237.81 + 3,984.99), the total unpaid principal, which equals $5,022.47 in liquidated damages.

Finally, plaintiffs seek $6,799.14 in attorney's fees and costs ($4,117.50 + $435 + $2,204 + $42.64).[3] Plaintiffs have complied with *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983), which requires that contemporaneous time records be submitted with all fee applications. Schreiber Aff. Ex. R; Schreiber Supp. Aff. Ex. A. I have reviewed those time records, and conclude that the hourly rates charged and time

---

[3] More specifically, plaintiffs seek $4,117.50 in attorney's fees and $594.20 in costs for the period between April 22, 2008 and September 11, 2008, and $2,204 in fees and $42.64 in costs for the period between September 17, 2008 and October 31, 2008. Schreiber Aff. Ex. R; Schreiber Supp. Aff. Ex. A. Although the time sheets submitted by plaintiffs indicate that their costs up until September 11, 2008 were $594.20, Schreiber Aff. Ex. R, they request only $435 in costs in the Statement for Judgment they submitted in support of their motion for a default judgment. Accordingly, I recommend that plaintiffs be awarded $435 in costs for this time period.

expended appear reasonable and should be approved.

3.  *Injunctive Relief*

Plaintiffs also seek a permanent injunction directing Sukram & Sons to comply with the terms of the CBA, and enjoining the corporation from future violations. Compl. ¶¶ 25-27. Where a defendant is in default, a court may issue a permanent injunction, provided that the plaintiff demonstrates that "(1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction." *La Barbera v. Les Sub-Surface Plumbing Inc.*, 2008 WL 906695, at *10 (E.D.N.Y. Apr. 3, 2008) (citation omitted). Section 1132(g)(2)(E) provides that a plaintiff who is successful in an ERISA action for delinquent payments may also obtain "such other legal or equitable relief as the court deems appropriate." Accordingly, a permanent injunction is an appropriate remedy under ERISA, see, e.g., *Beck v. Levering,* 947 F.2d 639, 641 (2d Cir. 1991), and plaintiffs have thus satisfied the first condition.

The Second Circuit has cautioned, however, that "injunctive relief does not follow automatically upon a finding of statutory violations . . . ." *Les Sub-Surface Plumbing*, 2008 WL 906695, at *10 (quoting *Huntington v. Marsh*, 859 F.2d 1134, 1143 (2d Cir. 1988)). "Plaintiffs must also show irreparable harm and the absence of an adequate remedy at law in order to obtain a permanent injunction." *Id*. (citing *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 57, 95 S. Ct. 2069 (1975)). Plaintiffs have not satisfied this second condition. Plaintiffs offer only the conclusory allegation that defendant's failure to "promptly report and pay and to allow audits . . . will continue to cause [them] irreparable damage . . . ." Compl. ¶ 26. Sukram & Sons, however, filed many of the required reports between September 2007 and September 2008 and paid some of the principal due. Schreiber Aff. ¶¶ 16-18, Exs. E, F, G, I, J, K & L. "Such compliance on the part of the defendant, while imperfect, indicates that defendant does not intend to 'frustrate any

11

judgment' . . . ." *La Barbera v. Cab II Enterprises, Inc.*, 2009 WL 2447498, at *9 (E.D.N.Y. Aug. 10, 2009) (quoting *King v. Nelco Indus., Inc.*, 1996 WL 629564, at *1 (E.D.N.Y. Oct. 23, 1996)). Moreover, the CBA at issue in this case expired on June 30, 2009 and plaintiffs have not indicated whether it has been extended. Schreiber Aff. Ex. B. It is therefore not clear that defendant has any continuing obligation to plaintiffs. Thus, I conclude that plaintiffs have failed to show that they will suffer irreparable harm, or that money damages will prove inadequate to deter future violations, absent an injunction. *See, e.g., Les Sub-Surface Plumbing*, 2008 WL 906695, at *10. Accordingly, I respectfully recommend that plaintiffs' request for a permanent injunction be denied.

## Conclusion

For the reasons set forth above, I respectfully recommend that Sukram & Sons be held liable to plaintiffs in the following amounts: (1) $25,112.37 in unpaid contributions, (2) $5,022.47 in liquidated damages, and (3) $6,799.14 in attorney's fees and costs. In addition, I recommend that the Clerk of the Court be directed to calculate interest at the rate of 1.5% per month through the date of judgment on: (1) $17,889.57 beginning from June 30, 3008, (2) $3,237.81 beginning from September 10, 2008, and (3) $3,984.99 beginning from October 10, 2008.

I also recommend that Anthony Sukram be held jointly and severally liable to plaintiffs for $5,964 in unpaid contributions and $7,393.34 in attorney's fees and costs. In addition, I recommend that Sukram be held jointly and severally liable for interest on $5,964 of the unpaid contributions at the rate of 1.5% per month, beginning from June 30, 2008, to be calculated by the Clerk of the Court through the date of judgment.

Finally, I respectfully recommend that plaintiffs' demand for injunctive relief be denied.

Any objections to the recommendations made in this Report must be filed within ten days of this Report and Recommendation and, in any event, on or before September 24, 2009. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989). Plaintiffs are hereby directed to serve a copy of this Report upon defendants at their last known addresses, and to file proof of service with the Court.

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

Dated:    Brooklyn, New York
              September 3, 2009

U:\IRM 2008-2009\Damages Inquests\Labarbera v. Sukram\labarbera v. sukram_inquest_v1.wpd